IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

|  |  |
|---|---|
| MCI DIAGNOSTIC CENTER, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 24-1577C |
| THE UNITED STATES OF AMERICA, | ) Judge Bonilla |
| *Defendant*. | ) |

**LABORATORY CORPORATION OF AMERICA'S
MOTION TO INTERVENE AS DEFENDANT-INTERVENOR**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Laboratory Corporation of America ("Labcorp") respectfully submits this motion to intervene in this action as a Defendant-Intervenor.

Although Labcorp has not had an opportunity to review MCI Diagnostic Center LLC's ("MCI") second amended complaint and exhibits because they were filed under seal, Labcorp was provided a redacted version of MCI's second amended complaint ("Redacted SAC") on December 11, 2024.[1] MCI's second amended complaint makes extensive allegations against several procurements issued by the U.S. Department of Veterans Affairs (the "VA" or the "Agency") for

---

[1] The Court of Federal Claims public docket for this case shows that, in addition to the redacted version of the second amended complaint, MCI filed a Declaration of Colleen Payne. *See* Dkt. No. 28-1. Except for the first and second paragraphs, however, the five-page declaration has been completely redacted. *See* Dkt. No. 28-1. The Exhibits to Second Amended Complaint, which were included with the sealed version of MCI's second amended complaint (Dkt. No. 27), were not included with the redacted version of the second amended complaint filed on December 11, 2024. *See* Dkt. No. 28. MCI's first amended complaint, a redacted version of which became publicly available on November 22, 2024, did not make any specific allegations against Labcorp or its awarded contracts. *See* Dkt. No. 25.

reference laboratory services, including multiple allegations against two sole source awards to Labcorp.  Labcorp has a direct and legally protectable interest in performing the work under those awards, and the existing parties cannot adequately represent Labcorp's interests.  As explained in more detail below, Labcorp is entitled to intervene as of right or (alternatively) permissively in this matter.

Labcorp has contacted counsel for Plaintiff and Defendant regarding this motion.  The government consents to Labcorp intervening in this protest.  MCI has no objection to Labcorp intervening to defend those procurements in which it received a sole-source award, but does not believe Labcorp is an interested party in any other challenged procurements.

**I.    BACKGROUND**

MCI's Redacted SAC alleges that at least five solicitations for reference laboratory services were issued in violation of the VA's "Rule of Two," and "at least four" solicitations that the Agency has improperly issued as sole source awards to other than Service Disabled Veteran Owned Small Businesses ("SDVOSBs"), including Solicitation 36C24124Q0733 ( "VISN 1 Solicitation 0733"), Solicitation 36C25624Q1470 ( "VISN 16 Solicitation 1470"), Solicitation 36C25925F0001 ("VISN 19 Solicitation 0001"), and Solicitation 36C26025P0022 ("VISN 20 Solicitation 0022").  Redacted SAC ¶ 2.  MCI also asserts that the agency improperly bundled its requirements, unduly restricted the procurement criteria, and that "[e]ach of these sole source awards, like the scores that have preceded them over the last six years, is improper and the VA must be required to set aside these awards and follow the VA Rule of Two." *Id.*

MCI alleges that Labcorp is one of the three large businesses that are providers of laboratory testing services to the VA. *Id.* ¶ 16.  With respect to the VISN 16 Solicitation 1470, the complaint asserts that the VA awarded a short-term, fixed price Blanket Purchase Agreement

("BPA") to Labcorp for the base period of October 1, 2024 through December 31, 2024. *Id.* ¶ 32. Quoting a Justification and Approval for the VISN 16 Solicitation 1470, MCI states that Labcorp is "currently providing all the required testing, analysis, and related services." *Id.* ¶ 34.

With respect to the VISN 19 Solicitation 0001, MCI asserts that the VA published a sole source under Solicitation No. 36C25925F0001 for several VA hospitals and, on October 1, 2024, the VA awarded a contract to Labcorp for the performance period of October 1, 2024 through March 31, 2025. *Id.* ¶ 40. In a sole-source justification, the VA stated that "'[o]nly one source is capable of providing the supplies or services required at the level of quality required because the supplies or services are unique or highly specialized.'" (*i.e.*, Labcorp). *Id.* ¶ 41. The Redacted SAC goes on to assert:

> VISN 19 J&A further stated that LabCorp is unique because (1) "they have a currently established working electronic interface system with all eight (8) VISN 19 locations," (2) "they have the most comprehensive test menu … of over 6,000 tests" and (3) "they have the capability to meet the required turnaround times (TATs) for VISN 19's large reference lab volume of 7,000-8,000 tests per month across all laboratory disciplines (i.e. hematology, microbiology, clinical chemistry, serology, toxicology, etc.)." *Id.*
>
> The VA found sole-sourcing to LabCorp to provide best value for the government because LabCorp's listed prices in FSS are "fair and reasonable" and "same pricing as the current FSS-BPA (36C25922A0002) pricing." *Id.* at 3.

*Id.* at ¶¶ 42-43.

In Counts II and III of its Redacted SAC, MCI asserts that the VISN 16 sole source procurement and the VISN 19 sole source procurement to Labcorp are arbitrary, capricious, and an abuse of discretion because the Agency: (1) failed to conduct adequate advance planning, (2) unnecessarily and unjustifiably bundled the contract requirements, (3) unduly restricted competition, and (4) violated the Competition in Contracting Act and the VA Rule of Two. *Id.* ¶¶ 82-115. These allegations regarding VISN 16 and VISN 19 also include assertions that the VA

engaged in "bias" and "preferential treatment of the incumbent." *Id.* ¶¶ 94, 111. In Count V, MCI asserts that the VA is engaging in a "widespread and deeply rooted illegal practice of awarding sole source contracts in violation of the Competition in Contracting Act and the VA Rule of Two," and refers to sole source awards in four VISNs, including VISNs 16 and 19 where Labcorp is performing, and claims there will "continue to be more in the future absent an injunction." *Id.* ¶¶ 137-38. In Court IX, MCI alleges the VA has deprived MCI of an opportunity to compete for "hundreds of millions of dollars in laboratory testing services contracts," because of "bias, bad faith, improper influence, and/or conflicts of interest" and that the "VA's award decisions in VISNs 1, 4, 16, 19, 20, and all other VISNs' procurements for laboratory testing services are arbitrary, capricious, and not in accordance with law." *Id.* ¶ 167. In its prayer for relief, MCI makes multiple requests for declaratory and injunctive relief, including a request that the Court "enjoin the VA from awarding, commencing performance, or modifying an existing contract of any type to procure laboratory testing services without conducting an analysis under the VA Rule of Two" and requests that the VA resolicit the VISN 16 and VISN 19 solicitations. *Id.* ¶ 169.

## II.   ARGUMENT

The court should permit Labcorp to intervene in this bid protest. The Federal Circuit has stated "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Under RCFC 24, the Court recognizes two bases for intervention: intervention as a matter of right under RCFC 24(a) and permissive intervention under RCFC 24(b). Consistent with the language in RCFC 24, and the Court's policy favoring intervention, the Court should permit Labcorp to intervene in this protest under RCFC 24(a) or, in the alternative, pursuant to RCFC 24(b).

### A.     Labcorp is Entitled to Intervene as a Matter of Right

RCFC 24 provides that an applicant has a right to intervene upon making a timely motion where the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  RCFC 24(a).

Labcorp is timely filing this motion within a two days after it received a redacted copy of MCI's Redacted SAC on December 11, 2024.  As noted above, MCI's first amended complaint, a redacted version of which became publicly available on November 22, 2024, did not make any specific allegations against Labcorp or its sole source awards in VISN 16 and VISN 19.  *See* Dkt. No. 25 at 1-2 (summarizing allegations in its first amended complaint regarding laboratory testing procurements in VISN 20, VISN 10, VISN 1 and VISN 4).  It was not until December 11, 2024, when a public version of MCI's second amended complaint was filed, that it became apparent to Labcorp that MCI was making arguments impairing its' interests in VISN 16 and VISN 19, and possibly other procurements where Labcorp is competing for laboratory services.

Intervention will not prejudice MCI or the Defendant.  Labcorp's intervention will not interfere with the resolution of this matter, which can proceed under the schedule adopted by the Court in its November 20, 2024 Order.  *See* Dkt. No. 23.  Labcorp will comply with the Court's existing schedule, and could file response and reply briefs on the same deadlines as the Defendant.  Further, Labcorp's participation will facilitate an efficient resolution of this protest.  Denying this motion, however, would prejudice Labcorp's ability to disprove MCI's allegations regarding its contracts and protect its confidential information under this Court's protective order.

Labcorp clearly has an interest in the transactions at issue. *See* RCFC 24(a)(2) (requiring an intervenor claim an interest relating to the property or transaction that is the subject of the action"). Labcorp was awarded, and is performing, the VISN 16 and VISN 19 contracts that are being challenged by MCI. As such, Labcorp has a direct and legally protected interest in the transactions at issue in this bid protest. *See Slaughter v. United States*, No. 19-683C, 2019 WL 2331384, at *1 (Fed. Cl. May 31, 2019) (finding awardee has an "economic interest in maintaining the award that is the subject matter of the litigation---the impairment of which is evident by the loss of the contract---and because the government's interest in a contract is not equivalent to a contractor's economic interest in maintaining its position as awardee."); *see also CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006) (stating "interested parties have been granted a legally protected interest in solicitations and contract awards" and granting intervention).

MCI's allegations also directly affect Labcorp's legally protectable interests. As noted above, MCI is making arguments that will impair or impede Labcorp's interests in VISN 16 and VISN 19, where Labcorp received contract awards on a sole-source basis, and which may impact Labcorp's retention and performance of those contracts. *Chapman L. Firm Co. v. United States*, 71 Fed. Cl. 124, 126 (2006) (noting the court granted intervention on defendant's side for contractor who sought to "protect the continuation of its bridge contracts"), *aff'd in part*, *rev'd in part and remanded sub nom.*, *Chapman L. Firm Co. v. Greenleaf Const. Co.*, 490 F.3d 934 (Fed. Cir. 2007); *see also Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 781 (2022) (granting intervention where awardee stands to lose its interest by operation of a judgment resolving the case in favor of the protester).

In addition, by asserting that the sole source awards are improper and demanding that the VA set aside these awards to SDVOSBs, MCI is actively seeking an outcome that would prevent

Labcorp from competing for and receiving awards, including in VISN 16 and VISN 19, where Labcorp is currently performing laboratory services.  If successful, this could directly compromise Labcorp's protectable interest in the VISN 16 and VISN 19 procurements and limit Labcorp's ability to compete for VA funded laboratory services going forward.  *See Superior Optical Labs, Inc. v. United States*, 171 Fed. Cl. 50, 56 (2024) (granting intervention in pre-award protest where allegations of protester could compromise another offeror's protectable interest in awards and where protester was "actively seeking an outcome that would limit [the offeror's] opportunity to compete.").  Accordingly, "disposing of the actions may as a practical matter impair or impede" Labcorp's ability to protect itself.  RCFC 24(a)(2).

The government's presence in this case does not adequately protect Labcorp's interests.  "While the government may well represent citizens when it comes to sovereign interests, the government's interest in receiving contractual performance and defending its decisions during a procurement is distinct from a contractor's interest in receiving an award and being paid." *Air Borealis*, 162 Fed. Cl. at 782.  Indeed, although the awardee "wants to do the work," the government's "larger concern is that someone, not necessarily [the awardee], does the work." *Winston-Salem Indus. for the Blind, Inc. v. United States*, 144 Fed. Cl. 644, 645 (2019).  Besides maintaining its work, Labcorp's interests include defending its capabilities, explaining Labcorp-specific aspects of the record, and pursuing its own interest in fair procurements.  The government, on the other hand, will defend its "institutional interest in agency procurement processes instead of the offerors' business interests," and might deny procedural errors that Labcorp would defend as harmless, or concede deficiencies that Labcorp would not admit to. *Superior Optical*, 171 Fed. Cl at 54.  The possibility of those conflicts should "virtually always amount to a 'compelling showing that [an offeror's] interests may not be adequately protected by the government." *Id*.

(quoting *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations*, 695 F.3d 1310, 1316 (Fed. Cir. 2012)).  For all of these reasons, the Court should grant Labcorp's motion to intervene as a matter of right.

### B. Alternatively, the Court Should Allow Labcorp to Intervene Permissively

Separately, the Court may grant a timely motion for permissive intervention when a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," taking into account whether intervention would "delay or prejudice the adjudication of the original parties' rights."  RCFC 24(b).  As explained above, Labcorp timely moved to intervene after it received a redacted copy of MCI's SAC, and intervention will not prejudice MCI or the Defendant.

The "defenses" contemplated by the permissive intervention rule are simply "the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Air Borealis*, 162 Fed. Cl. at 782 (citations omitted).  Accordingly, this definition encompasses the arguments that Labcorp could raise in a motion for judgment on the administrative record, e.g., that the VA's sole source awards and other actions were not arbitrary and capricious.  *Id*.  Labcorp's arguments would "'share[ ] with the main action a common question of law or fact' simply because they would arise from the same procurement, reflected in the same administrative record, and governed by the same law."  *Id.* (citations omitted).

Even if Labcorp's positions overlap with the government's arguments, that would not be a basis for denying intervention.  *Id*.  In *MCI Diagnostic Ctr., LLC v. United States,* for example, Labcorp intervened in a bid protest brought by MCI challenging the VA's decision to cancel a solicitation set aside for SDVOSBs to provide reference laboratory services in VISN 16, where Labcorp was performing services under a BPA.  147 Fed.Cl. 246, 247 (2020).  Labcorp and the

8

government moved to dismiss for lack of subject-matter jurisdiction, and also cross-moved for judgment on the administrative record. The court granted the motions to dismiss based on MCI's lack of standing because, among other reasons, MCI was unable to personally perform over 100 laboratory tests required by the solicitation. Like this previous case, and given the multiple counts and allegations made by MCI regarding several VA procurements for laboratory services, it would also make sense to have Labcorp, as the awardee, "contribute to any discussion of harm, remedy, or availability to perform." *Winston-Salem*, 144 Fed. Cl. at 646. Lastly, there are no unusual circumstances that weigh against intervention. Accordingly, permissive intervention is also appropriate.

### III. CONCLUSION

For the foregoing reasons, Labcorp respectfully requests that the Court grant Labcorp's motion to intervene in this matter and allow Labcorp to participate in this case as a Defendant-Intervenor.

Dated: December 13, 2024                                    Respectfully submitted,

/s/ *William M. Jack*
William M. Jack
DICKINSON WRIGHT PLLC
1825 Eye Street NW, Suite 900
Washington, D.C. 20006
Tel: (202) 659-6929
wjack@dickinson-wright.com

Thomas Christian
DICKINSON WRIGHT PLLC
200 Ottawa Ave. N.W., Suite 900
Grand Rapids, MI 49503
Tel: 616-336-1014
tchristian@dickinsonwright.com

*Counsel for Laboratory Corporation of America*